GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing his claim for benefits under a policy of fire insurance. We affirm. The sole issue on appeal is whether a condition in the policy restricting coverage is applicable to relieve the insurer of liability for the fire loss of plaintiff’s real property. The pertinent clause of the policy provides:
“Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto the Insurers shall not be liable for loss occurring
* * * * * *
(b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; or
* * * ”[1] (emphasis ours)
The facts are that plaintiff in the early 1960’s purchased the real property which had been used as an apartment or boarding house. The structure was subsequently used as a “school” until September, 1972. According to plaintiff, thereafter and until the time of the fire on May 22, 1973, the property, admittedly in a state of disrepair, was used as a warehouse to store unused refrigerators and stoves in connection with other rental properties owned by plaintiff. The electricity and gas services to the structure had been terminated, and the premises *181 had not been used as a residence or occupied by any persons well in excess of 60 days prior to the date of the fire. According to plaintiff, however, the policy provided for commercial fire insurance coverage, and deliveries and pickups of the appliances in and out of the premises were made within the 60-day period prior to the fire. Under the circumstances, plaintiff contends the property was not vacant and unoccupied, and accordingly the exclusion is not applicable.
Though no written reasons were assigned by the trial judge, implicit in his dismissal of plaintiff’s claim is the factual conclusion that the building was “vacant or unoccupied” as a commercial structure beyond the 60-day period immediately prior to the fire. The record supports his conclusion.
Anna Richard, who resided next door to the property, testified that the building had been empty and deteriorating for several months prior to the fire. She further stated that she did not recall seeing anyone carrying refrigerators or stoves in or out of the property; that the building had been unlocked and the windows had been un-boarded; that she did not recall seeing any contents inside the structure; and, that the property was being vandalized.
Vernon C. LeBlanc, Inspector, New Orleans Fire Department, Fire Prevention Division, testified in deposition that the structure had been periodically inspected prior to the fire. Copies of the inspection reports filed in connection with his testimony indicate that the building was inspected in early January, 1973, twice in February, 1973, and again in April and May, 1973. In all the reports the structure is described as a “vacant dwelling”. Inspector LeBlanc further testified that he had arrived on the scene during the course of the fire. From his inspection at that time, he does not recall observing any stoves or refrigerators on the premises. He further stated that major appliances such as dishwashers or refrigerators do not customarily burn beyond recognition and could be recognized following the fire. His investigation report of the fire lists the building’s “contents” as “none”.
Notwithstanding the testimony of plaintiff and his employee to the effect that the building was used as an appliance warehouse, evidence in the record supports the factual conclusion of the trial judge that the property was vacant or unoccupied for 60 days prior to the fire by any standards of occupancy — residential, commercial or otherwise. Such a factual conclusion based on a credibility determination will not be disturbed absent manifest error.
Accordingly, the judgment is affirmed.

AFFIRMED

. This provision is in accordance with the requirements of the standard fire insurance policy as set forth in LSA-R.S. 22:691 (Insurance Code).